**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Plaintiff/Appellant,**

v.

**Yolanda GUERRERO, Defendant/Appellee.**

No. 01S01–9602–CH–00041.

Supreme Court of Tennessee, at Nashville.

Feb. 26, 1997.

John R. Lewis, Nashville, for plaintiff–appellant.

Peter N. Olson, Clarksville, for defendant–appellee.

Before BIRCH, C.J., and WILLIAM H. INMAN, Senior Judge, and WILLIAM S. RUSSELL, Retired Judge.

John R. Lewis, Nashville, for plaintiff–appellant.

Peter N. Olson, Clarksville, for defendant–appellee.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's Memorandum Opinion shall be published.

Costs will be paid by plaintiff-appellant, for which execution may issue if necessary.

IT IS SO ORDERED this 26th day of February, 1997.

BIRCH, J.—Not participating.

## MEMORANDUM OPINION

WILLIAM S. RUSSELL, Retired Judge.

This appeal from the judgment of the trial court in a workers' compensation case has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tennessee Code Annotated Section 50–6–225(e)(3) for hearing

and reporting to the Supreme Court of findings of fact and conclusions of law.

## THE CASE

Yolanda Guerrero worked for Quebecor Printing, Inc. Both the employer's business and the employee's residence were in Montgomery County; and it was in that county on September 19, 1995, that the employee reported an injury while at work there.

Lumberman's Mutual Casualty Company insured said employer's liability under the Workers' Compensation Law of Tennessee. On October 6, 1995, said insurance company filed suit in Davidson County against the employee to have the employee's benefits fixed in the Chancery Court for Davidson County.

The employee's counsel filed a motion to dismiss, based upon a challenge to the venue. Subsequently, the employee filed suit in Montgomery County.

On December 18, 1995, Chancellor Robert S. Brandt dismissed the Davidson County suit. The order of dismissal recited that the motion was based upon improper venue, lack of jurisdiction, forum non conveniens and failure to name an indispensable party; and Chancellor Brandt simply held, without further comment, that the motion was well taken and was granted.

## THE ISSUES

Several issues have been raised and discussed by counsel, but the dispositive issue is whether or not an insurance company insuring an employer can choose to have a worker's compensation case tried in any county wherein the insurance company may have a legal presence.

## ANALYSIS AND CONCLUSION

It is obvious that such a procedural right would often, as is true in this case, move the venue away from the real parties and witnesses. It would also likely bring about court filings long before they should be necessary, as is seen in this case.

The claimed right to do so is bottomed upon language contained in our statutes.

Tennessee Code Annotated Section 50–6–102(a)(4) reads:

> (4) "Employer" includes any individual, firm, association or corporation * * * using the services of not less than five (5) persons for pay * * *. If the employer is insured, it shall include the employer's insurer, unless otherwise herein provided.

Code Section 50–6–225(a)(1) states:

> (a)(1) In case of a dispute over or failure to agree upon compensation under the Workers' Compensation Law between the employer and employee or the dependents of the employee, either party may submit the entire matter for determination to the judge or chair of the county court in which the accident occurred * * *.

> * * * * * *

> (b) The party invoking the power of the court shall file a petition setting out the facts on which the claim is based under the Workers' Compensation Law.

> * * * * * *

> (c)(1) The party filing the petition may, at such party's option, instead of filing the same before the county judge or chair, file the same as an original petition in either the circuit, criminal or chancery court of the county in which petitioner resides or in which the alleged accident happens * * *.

The appellant, because of these provisions, equates insurer with employer, party and petitioner; and arrives at the conclusion that the insurer can do what was done in this case.

We do not believe that the General Assembly had the intention to foster such a result. We are convinced not only by the patent disruption to litigation in workers' compensation cases that is inherent in such a procedural scheme, but we find that the language of the statutes does not support such an interpretation.

To begin with, the definitions statute, 50–6–102(a) begins with this language:

> *Definition* (a) As used in this chapter, *unless the context otherwise requires:* * * *.

It is our judgment that the word insurer would be out of context when substituted for employer, petitioner and party in the instances establishing venue. Section 50–6–225(a)(1) speaks of the employer and employee as possible litigants, and says *either party* may file suit, not *any* party may file suit. Section 50–6–225(c)(1) speaks of a party having the right to file suit in the county in which the *petitioner resides* or in which the alleged accident happened. An insurance company is not normally thought of as having a residence.

We conclude that the learned chancellor correctly dismissed this suit for lack of venue, and we affirm the judgment below. Costs on appeal are assessed to the appellant.

BIRCH, C.J., and INMAN, Senior Judge, concur.